## LESTER QUEEN v. STATE.

No. A-5229. Opinion Filed Dec. 17, 1925.
Rehearing Denied Dec. 4, 1926.
(250 Pac. 935.)

Fred L. Hoyt, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.    From a conviction in the county court of Dewey county on a charge of transporting whisky, the plaintiff in error, hereinafter called defendant, has appealed.

The evidence for the state is that of Fred Horton, a special deputy sheriff appointed for the purpose of detecting violations of the liquor law. It is contended that the court erred in permitting the county attorney to ask the witness Balfour if he approved of the methods employed in catching bootleggers. The testimony of the witness Balfour, called for the defendant, was in direct conflict with the evidence of the state's witness Horton, and the purpose of the question was evidently to elicit the bias or prejudice of the witness. The questions complained of do not present reversible error.

It is further contended that the evidence is insufficient to sustain the verdict. Measured by numbers, the evidence for the defendant outweighs that of the state, but, since the credibility of the witnesses and the weight and value to be given their testimony is peculiarly within the province of the jury, they may

believe the evidence of one witness upon a state of facts as against the testimony of several testifying to a different state of facts. This they evidently did in the case before us.

We will not disturb the verdict on the weight of the evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.