## ODELL v. STATE.

No. A-11330. May 23, 1951.

(232 P. 2d 158.)

Carder & Carder, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Tipton James Odell, was charged by an information filed in the district court of Jackson county with the crime of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, a second offense; was tried; convicted; and pursuant to the verdict of the jury was sentenced to pay a fine of $100.

It is argued that the evidence was insufficient to sustain the verdict and the verdict was reached because of improper and prejudicial questions asked defendant's witnesses on cross-examination.

The state's evidence was furnished by Cecil Fishburn and Floyd Hays, two highway patrolmen, who testified that about midnight on December 19, 1948, they were driving on U. S. Highway 283 near Altus; there was very little traffic on the highway; they met an automobile that was swerving and it pulled off of the hard surfaced road on its right hand shoulder of the road as the car driven by the patrolmen passed; that the patrolmen turned their car around; saw that the automobile which was being driven by defendant had stopped; they

returned to his car; talked to the defendant and saw that he was intoxicated. Each of these two witnesses testified that they could smell the odor of alcohol on defendant's breath; that he seemed unsteady on his feet; his speech was incoherent; and his eyes were bloodshot; and that in their opinion he was drunk.

Odell Howell testified on behalf of the defendant that he lived near Altus; that he was a friend of defendant and had formerly lived at Lone Wolf, Oklahoma; that he was with defendant from about 9 o'clock until nearly 12 o'clock the night of his arrest, during which period of time the witness drank five bottles of beer and ate two hamburgers; that he left defendant about 11:45 p. m. and at that time defendant was not under the influence of intoxicating liquor, although he had been drinking some beer during the evening.

Vernor Pearson testified that he lived at Lone Wolf, Oklahoma, and that on the night in question he accompanied defendant from Lone Wolf to Altus, a distance of about 27 miles; that the defendant drove to Altus for the purpose of seeing Odell Howell; that they arrived at Altus about 7 p. m. and looked at various places for Howell before they found him about 9 o'clock; that after they met with Howell they all went to Susie's Bar and drank some beer and later they went to another place known as Flo's Bar, where they ate some sandwiches and drank some more beer; that the witness drank about five bottles of beer during the evening and the defendant probably drank about the same number; that after they had left Odell Howell he and the defendant stopped at Turner's Tavern and knocked on the door; that the tavern was closed but the owner knew the defendant and let them have two bottles of beer to take with them; that the defendant was driving the car and they had started on the road back to Lone Wolf when they stopped along the road to urinate; that the witness did not see any highway patrolmen before their car stopped; that while their car was stopped the highway patrolmen came up to them, talked to them, and took them to jail but did not do anything to him as he was not intoxicated; that they placed defendant in jail, but in the opinon of the wtness defendant was not intoxicated.

Counsel for defendant complains of the cross-examination of the witness by the county attorney wherein he asked the following questions:

"Q. Didn't you get something to drink from one of these colored boys at Melvin Johnson's Place? A. No, I don't know Melvin Johnson. We didn't get any whiskey off him, or anybody. Q. Who was the fellow you got the whiskey from? A. We didn't get any whiskey. By Mr. Carder: We object as highly prejudicial; assuming a state of fact not in evidence. By the Court: Sustained. Q. What did you do? You've got about 20 minutes taken off that two hours; there is an hour and forty minutes left; what did you do? A. Well, we drove back up in this part of town, thought we might see his car parked. Q. You went out to Edna's Drive In looking for him? A. I don't know where Edna's Drive In is. Q. You drive a mile from town; it is on the left hand side. A. No. Q. You didn't go out there? A. I haven't been out there. * * * Q. Did you know where William's Bar was at that time? A. William's Bar? Q. Across the street from Susie's. A. I don't recall having been to William's Bar; I don't remember where it is. Q. Do you know where Phelp's Bar is? A. No, I'm not acquainted. Q. As a matter of fact, you made all the beer parlors looking for Howell before you found him? A. We looked around for him; I wouldn't say we made the beer parlors. Q. Did you drive out to Johnnie's Drive In? A. No. Q. Out west? A. The only time we went west of town was— Q. Can you think of any beer parlor you failed to go that day? By Mr. Carder: We object to that. By the Court: Sustained."

A. C. Boaldin, sheriff of Jackson county, testified that he remembered the occasion when the defendant was brought to the county jail by the highway

patrolmen, but that he did not remember the condition that defendant was in, whether he was intoxicated or not.

The defendant did not testify.

The evidence of the state was sufficient to make a prima facie case against the accused, and therefore was sufficient to require the court to submit the issue to the jury as to whether the defendant was under the influence of intoxicating liquor at the time he drove his automobile on the highway. The explanation by the witnesses of the defendant's conduct and why he stopped on the highway presented a question for the jury and if believed by the jury would have resulted in a verdict of not guilty.

Most of the questions of which complaint is made in defendant's brief were asked and answered without any objection from counsel for defendant. We think that those questions were proper as the county attorney had a right on cross-examination to inquire into any matters that might modify, explain, contradict, rebut or make clear the facts testified to in chief by the witnesses for the purpose of affecting their credibility. Henry v. State, 6 Okla. Cr. 430, 119 P. 278; Phillips v. State, 20 Okla. Cr. 415, 203 P. 902.

Objection was interposed to the only prejudicial and improper question that was asked by defendant's counsel of the witness Pearson and the objection was sustained by the court. That was the question, "Who was the fellow you got the whisky from?" The witness had repeatedly said that they had obtained no whisky from any person, and the county attorney further asked the witness Howell, "Who gave you this pint of whisky at Flo's Bar?" and objection was sustained to that question. Both of these questions assume facts which were not in evidence and were improper. The questions would have been proper if they had been worded differently to where they would not have been assuming facts which had not been proved. However, in view of the fact that the court sustained the objection of counsel for defendant, we do not think that this misconduct of the county attorney was sufficient to authorize this court in either reversing the judgment or modifying the sentence which was imposed. The jury was lenient with the accused in that they only assessed a punishment of $100 for the conviction of this second offense. The parties stipulated at the commencement of the trial that the defendant had formerly been convicted of the same offense, so the punishment of $100 fine under the circumstances certainly could not be considered as excessive, and even though the county attorney went too far in a part of his cross-examination, we do not feel such conduct affected the verdict and we are not justified under this record in further modifying the sentence which was interposed.

The judgment is affirmed.

BRETT, P. J., and POWELL, J., concur.