**Sonny ANGLIN, a/k/a Jason Clark III,**
**Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17711.**

Court of Criminal Appeals of Oklahoma.

March 27, 1973.

Don S. Bushong, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Charles R. Lane, Asst. Dist. Atty., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Sonny Anglin, a/k/a Jason Clark III, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pottawatomie County, Case No. CRF–71–118, for the offense of Obtaining Money By Means of a False and Bogus Check, After Former Conviction of a Felony. This punishment was fixed at a term of ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Mike Johnson testified that on April 14, 1971 he was employed as a checker at the Humpty Dumpty Grocery Store in Shawnee. He identified State's Exhibit No. 2 as a check he received from the defendant. The check in the amount of Twenty-five Dollars ($25.00) was drawn on the Federal National Bank. He testified that the defendant received groceries and cash for the check.

Larry Sullivan testified that he was employed as the co-manager of the Humpty Dumpty Grocery Store. He identified State's Exhibit No. 2 as a check that "I okayed that come through the check stand for Mr. Sonny Anglin there." (Tr. 22) He testified that the check was returned from the bank marked "Insufficient Funds" and that the check remains unpaid.

Gladys Farrand, Garry Carnes and Richard Williams, other employees of Humpty Dumpty, identified other checks which the defendant negotiated at the grocery store between April 9 and April 15, 1971. The checks were drawn on the Federal National Bank of Shawnee and the Bank of Commerce of McLoud. All the checks were returned unpaid.

Ernest Smith, a questioning document examiner for the Oklahoma State Bureau of Investigation, testified that the driver's license number on State's Exhibit No. 2 was the license number of Frances Louise Anglin.

Curtis Smith testified that he was employed as a vice-president of the Federal National Bank and Trust in Shawnee. The defendant did not have an account in his bank in the name of Sonny Anglin or Jason Clark.

Jeanette Baber testified that she was employed as a cashier for the Bank of Commerce at McLoud. The defendant opened an account at her bank on April 10 by depositing Twenty Dollars ($20.00). She testified that certain checks identified by the other witnesses were returned for insufficient funds.

For the defense, Frances L. Anglin, the defendant's mother, testified that the defendant had psychiatric problems since he was a little boy. He attempted to commit suicide at the age of fourteen and was treated by a psychiatrist. The defendant was in a constant series of incarceration in prisons and institutions.

The defendant testified that he first received treatment from a psychiatrist when he was between eight and ten years old. He attempted to commit suicide at age fourteen and again received psychiatric treatment. He was first prosecuted for check offenses in September of 1958 in the federal court at Wichita, Kansas. The in-

dictments were later dismissed because of his incompetency. He was confined in the Springfield Psychiatric Treatment Center and was diagnosed as a chronic schizophrenic. In 1959 he was committed to the State Hospital of Larned, Kansas for the Criminally Insane. In 1960 he pled guilty to forgery in Deaf Smith County, Texas and received a two-year sentence. He served the sentence in the psychiatric unit of the prison. In 1962 he went beserk and was committed to the San Antonio State Hospital. He testified that thereafter he was constantly in either mental institutions or prisons until April 1971. He admitted cashing the check at the Humpty Dumpty Store. He testified that State's Exhibit No. 2, the basis of the charge, was possibly given to replace another insufficient fund check.

In rebuttal, Mike Johnson testified that State's Exhibit No. 2 was given for items and cash and not to replace another bad check.

Dr. Loraine Schmidt, a psychiatrist for Central State Hospital at Norman, testified that the defendant was committed to the hospital for observation in June of 1971. She testified that in her opinion the defendant was not mentally ill and not psychotic. She diagnosed the defendant as having a personality disorder, antisocial personality with alcohol addiction.

In surrebuttal, the defendant testified that Dr. Schmidt only talked to him on one occasion for approximately fifteen minutes. He did not consider himself an alcoholic.

The first proposition asserts that the trial court erred in denying defendant's motion for a twenty-four hour continuance. The record reflects that the defendant was charged with the instant case, CRF–71–118, and Forgery in the Second Degree, CRF–71–249, which were listed on the published jury docket in reverse order. Defendant argues that he had reason to believe that the forgery case would be tried first as being the first case listed on the jury docket. Court Rule No. 35 for the 23rd Judicial District provides as follows:

. "All cases set on any jury docket shall be on a day certain on whatever day the cases are set, they shall be called for trial in order of their setting. If more cases are set on any other day than can be tried, they shall be continued to a day certain later on the docket. * * *"

The record reflects that both Cases No. CRF–71–249 and CRF–71–118 were set for trial on February 15, 1972. Defendant announced ready and the State elected to try Case No. CRF–71–118. Defendant requested a 24-hour continuance stating that he was prepared to try the first case listed on the trial docket, that being the forgery case, CRF–71–249.

We are of the opinion that the trial court did not abuse its discretion in denying defendant's motion for continuance. Both cases were set for trial on a day certain and the defendant announced ready. Court Rule No. 35 does not set forth the order of filing but rather refers to the order of calling cases. We further observe that at the conclusion of the State's case in chief, the trial was recessed until the following morning, thus giving the defendant opportunity to obtain witnesses for his defense. We, therefore, find this proposition to be without merit.

The second proposition contends that the trial court erred in admitting into evidence State's Exhibits No. 19, 20 and 21 concerning defendant's former convictions. Defendant argues that the exhibits should not have been admitted in that there was no authenticating witnesses; that the exhibits reflect two prior convictions and further that Exhibits No. 19 and 20 do not affirmatively show that defendant was represented by counsel or had validly waived the right to counsel. We are of the opinion that the exhibits were properly admitted. State's Exhibit No. 19 is a certified copy of a judgment and sentence in the District Court of Oklahoma County, Case No. 29778 wherein the defendant, with counsel, entered a plea of guilty to the offense of Obtaining Money By Means of a False and Bogus Check. This exhibit was

admissible under 12 O.S. § 486, which provides as follows:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, and copies of all civil and criminal records, papers, documents, files, and proceedings of any of the courts of the State of Oklahoma, duly certified by the officer having the legal custody of the originals thereof, under his official seal, if he have one, may be received in evidence in all civil and criminal proceedings in this state on an equal basis and with the same effect as the original thereof, without further identification, by the party desiring to use the same, when such party is not in possession or control of such original."

■ State's Exhibit No. 20 is a duly authenticated and certified copy of a judgment and sentence from Deaf Smith, Texas, Case No. 1317 wherein the defendant entered a plea of guilty to the offense of passing a forged instrument. This exhibit was admissible under the provisions of 12 O.S. § 485, which provides as follows:

"Copies of records and proceedings in the courts of a foreign country may be admitted in evidence, upon being authenticated as follows:

"First. By the official attestation of the clerk or officer in whose custody such records are legally kept, and,

"Second. By the certificate of one of the judges or magistrate of such court, that the person so attesting is the clerk or officer legally intrusted with the custody of such records, and that the signature to his attestation is genuine; and,

"Third. By the official certificate of the officer who has the custody of the principal seal of the government under whose authority the court is held, attested by said seal, stating that such court is duly constituted, specifying the general nature of its jurisdiction, and verifying the seal of the court."

State's Exhibit No. 21 is a duly certified photostatic copy of the criminal appearance docket in the District Court of Oklahoma County, Case No. 29778. The defendant testified in the second stage of the proceeding that he was not represented by counsel. The criminal appearance docket adduces that the defendant was, in fact, represented by counsel, Mr. Paul Washington, at the time of the entry of the plea of guilty. State's Exhibit No. 21 was, therefore, admissible under the provisions of 12 O.S., § 486.

■ We further observe under this proposition that the trial court did not err in allowing a multiple "after former" allegation. We have previously held that it is proper to charge in the Information one or more offenses of prior convictions and offer proof to sustain the same. Stanford v. State, Okl.Cr., 363 P.2d 515.

■ The third proposition asserts that the trial court erred in not allowing defendant to call witnesses on his behalf. The record reflects that the defendant called District Attorney John Clifton to the stand and, during the course of direct examination by his trial counsel, Mr. Irwin Owen, the court recessed and sent the jury from the courtroom. The trial court then made inquiry of defendant's counsel what further questions he purported to solicit from the District Attorney. Defendant's counsel then replied to the court his intent and purpose of further examination of the District Attorney. The trial court ruled that any further questions by defense counsel would be incompetent, irrelevant and immaterial. We have carefully examined the defendant's reply to the court as to his intent and purpose and are of the opinion that the trial court properly ruled that the defendant's proposed line of questioning would be incompetent, irrelevant and immaterial. Defendant then announced to the court his intent to call an additional witness, Nita Magdalena, an employee of the office of the District Attorney. The court then made inquiry as to what questions the defense counsel pro-

posed to propound to the witness and upon receiving defendant's reply, the trial court ruled that the proposed questions would be incompetent. We concur with the trial court's ruling. It is readily apparent that neither the District Attorney nor his employee had any direct knowledge of the facts of the instant case.

The final proposition asserts that the cause should be reversed because of the cumulative effect of the "numerous errors". We are of the opinion that the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.