Wendell Leo WHITEHEAD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–359.

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1974.

**54**

Irvin Owen, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., John L. Clifton, Dist. Atty., Dist. 23, Charles R. Lane, Asst. Dist. Atty., Dist. 23, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Pottawatomie County, Case No. CRF–73–89, appellant, Wendell Leo Whitehead, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at thirty (30) years imprisonment, and from said judgment and sentence, he has perfected a timely appeal to this Court.

At the trial Officer Gary Rogers, of the Shawnee Police Department, testified that on March 11, 1973, between the hours of 3:00 and 4:00 a. m., he and Officer Gary Hale, while on patrol and circling through the parking area of the Goodyear Service Store located at Main and Beard Streets, Shawnee, Oklahoma, heard glass breakage and observed defendant emerge through a broken plate glass window, carrying a tire tool. Rogers testified that he and Hale apprehended defendant and then upon investigating the premises found entry had apparently been gained through a broken window at the rear of the store in the service department area.

Cliff Barger, manager of the above store, testified that during the early morning hours of March 11, 1973, he was called to his store. Upon his arrival, he observed that the front plate glass window and a rear window glass on a service department entrance had been broken. He further noted the office within the store building had also been forcibly entered. Barger testified that a person could crawl through the broken window on the service department entrance; however, on cross-examination he did indicate it would be a difficult task. Finally, Barger testified that two small portable radios and a portable television set had been removed from the premises. He testified that at 5:30 p. m. on March 10, 1973, he locked the store and at that time there were no broken windows or visible signs of entry.

Officer Gary Hale's testimony, police officer for the Shawnee Police Department, generally corroborated the testimony of Officer Gary Rogers.

Thereafter, the State rested.

On behalf of the defense, the defendant's wife and defendant testified that on the above mentioned date they quarrelled and following the quarrel, the defendant left the house on foot. Further, defendant testified, after admitting several former convictions for burglary offenses, that he, after quarrelling with his wife, walked to the cab office on East Main Street in Shawnee, Oklahoma. From there he started walking to one Peggy Vickers' house. In transit to Vickers' house, he walked past the above mentioned store and observed the broken plate glass window. Shortly thereafter, he observed police officers approach the premises and he fled. Approximately fifty feet from the burglarized store, he was apprehended by police. Defendant denied having a tire tool in his possession at the time he was apprehended.

Thereafter, the defense rested.

On rebuttal, Officer Gary Hale testified that at the time the defendant was apprehended, he yet had in his possession the tire tool previously mentioned in his possession.

Thereafter, the State rested.

Following the jury's determination of guilt at the second stage of the trial proceedings, after evidence and instructions, the jury imposed the previously mentioned penalty.

■ In defense counsel's first proposition, it is submitted the trial court erred in overruling the defendant's motion to consolidate the guilt or innocence determina-

tion of the case and the punishment determination of the case into a one-stage procedure. This question was laid to rest in the case of Carney v. State, Okl.Cr., 406 P.2d 1003 (1965) wherein this Court held it is not error to refuse to permit defendant to waive the second stage of the proceedings under 22 O.S.1971, § 860. For detailed discussion of this issue see *Carney,* supra. We therefore find this proposition to be without merit.

■ In defense counsel's second proposition, he submits the court erred in admitting into evidence the judgments and sentences of five former convictions. The defendant argues that the exhibits should not have been admitted as there were no authenticating witnesses. We are of the opinion the exhibits were properly admitted. A certified copy of a judgment and sentence entered within the State of Oklahoma does not require a three way certificate to be admissible. The admissibility of this type of exhibit is determined by a separate statute, 12 O.S.1971, § 486. That section of the statute reads as follows:

> "Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, and copies of all civil and criminal records, papers, documents, files, and proceedings of any of the courts of the State of Oklahoma, duly certified by the officer having the legal custody of the originals thereof, under his official seal, if he have one, may be received in evidence in all civil and criminal proceedings in this state on an equal basis and with the same effect as the original thereof, without further identification, by the party desiring to use the same, when such party is not in possession or control of such original."

In the case of Anglin v. State, Okl.Cr., 508 P.2d 679 (1973), this Court applied the above statute to a situation directly in point with the instant case. In that case this Court held that certified judgments and sentences of the former convictions are admissible under the above statute without authentication. It is this Court's opinion *Anglin,* supra, laid this question to rest and the judgments and sentences admitted into evidence representing former convictions were properly admitted without authenticating witnesses. We therefore find this proposition to be without merit.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.