Arthur Lee **JONES** and, Ralph Gene Carloss,
Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–483.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1975.

Joseph G. Breaune, Miami, for appellants.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Arthur Lee Jones and Ralph Gene Carloss, hereinafter referred to as defendants, were charged, tried and convicted for the offense of Injuring a Public Building After Former Conviction of a Felony (21 O. S.1971, § 349) in the District Court, Ottawa County, Case No. CRF–73–549. Defendant Arthur Lee Jones was sentenced to twelve (12) years' imprisonment and defendant Ralph Gene Carloss was sentenced to ten (10) years' imprisonment and from said judgments and sentences, a timely appeal has been perfected to this Court.

At trial Curtis Myers testified that he was Chairman of the Board of County Commissioners for Ottawa County and that the jail in question is located within the County Courthouse which is in his custody. He stated that the jail is provided for the Sheriff's office and is the property of Ottawa County.

Bennie Joe Fry, a prisoner incarcerated in the Ottawa County jail at the time of the alleged incident, testified that he overheard the defendant Jones and one Bob Walton discuss tearing up toilet stools just prior to the time the alleged act occurred. He further testified that he was awakened by the noise of the toilets being broken and that pieces of debris were being thrown past his cell. Fry also testified that defendant Carloss advised defendant Jones and Bob Walton to wait until after visiting day to tear up the toilets. The witness further testified that he saw Jones carry one stool out of the back cell into the other one, swinging it even though he did not actually see the defendant Jones in the process of breaking the stools.

Bob Walton, a fellow prisoner incarcerated at the time of the alleged incident, testified:

"Well, Carloss started it first, about the food, just, if they didn't start feeding better they was going to tear the stools up; and then Arthur Jones, it was an hour or two later he come in to the cell and told us what was going to happen and said he was going to jump on us all if we didn't have something to do with it." (Tr. 33)

Walton further testified that he was present on the jail runway and witnessed Crowe, defendant Carloss and defendant Jones pull one stool off the wall and that he was not sure who carried it into another cell where the stool in that cell along with the stool that had been pulled off the wall were shattered. He further testified that he saw defendant Carloss throw some of the pieces of the shattered stool at the television located in the jail.

Bill Hasseberg, Deputy Sheriff of Ottawa County, testified that his primary duties were taking care of the jail and he was commonly referred to as the jailer. He testified that he was on duty the 11th of September, 1973, the date of the alleged incident. Hasseberg testified that on the night in question he heard a noise from the cell area and went to investigate. He further testified that he inquired of defendant Jones as to the cause of the noise and defendant Jones replied that although he had heard nothing, he would check around to see what had happened. He related that defendant Jones later reported that a toilet stool had been broken. He also testified without objection that he had been on duty approximately one month earlier when a mattress was set on fire in a cell that defendant Jones was occupying at that time with another prisoner.

Cleo Wilson, Sheriff of Ottawa County, testified that he was Sheriff on the 11th day of September, 1973, when he received a report that jail property had been destroyed. Wilson testified that the following prisoners were in custody: Walton, Crowe, Fry, defendant Carloss and defendant Jones. Wilson further testified that nearly a month prior to the destruction of the toilets some mattresses were burned in the cells where one Dixon and the defendant Jones were confined. Wilson testified that Jones had told him that he was trying to get Wilson's attention by burning the mattresses and blankets.

Ira Blalack, custodian of Ottawa County Courthouse, testified that he found two broken toilet stools in the cell block on the 11th day of September, 1973. He further testified that the destruction was repaired at a cost of $513.41 which included installation, labor and parts.

Floyd Ingram, investigator for the District Attorney's office, Ottawa County, testified that he investigated the breaking of the two stools. He testified that he took oral statements from defendant Jones, defendant Carloss and signed statements from James Allen Crowe who was also in the jail at that time, as well as statements from Bennie Joe Fry and Bob Walton regarding the alleged incident. He further testified that James Allen Crowe was the only prisoner who admitted taking part in the incident, that defendant Carloss admitted his part in planning it and defendant Jones stated that he accidentally tripped and fell throwing one stool onto the other stool and breaking both.

Defendant Arthur Lee Jones testified that he had three prior felony convictions. He stated that he felt that bad food that was served the night of the incident incited talk about tearing the place up and he stated that he warned them that if they did so, they would lose the television. He indicated that Bob Walton put his foot against a stool and started pushing on it but it didn't come loose so he started kicking on the side of it with James Allen Crowe pulling on the other side. He further testified that the stool came loose and the men left it in the cell in which it had been located. He testified that he realized that the men would be in trouble once the stool was discovered so he went to the cell in which the

loose stool was located, picked it up and carried it across to a second cell. However, he tripped over a mattress in that second cell causing him to lose his grip and allowing the stool to fly from his hands hitting the stool in the second cell and breaking both.

Defendant Ralph Gene Carloss indicated that he was in jail on the 11th of September, 1973, for burglary and that he had a former conviction for a felony. He indicated that bad food had caused a great deal of malcontent among the prisoners and had incited talk of tearing the place up. He testified that he suggested that they should wait until at least after visiting day. He stated that he witnessed the breaking of the stool after which he went back to his own cell where Jones later came down and indicated to him that he was thinking about moving the stool because everybody used it. He indicated that he told Jones that he shouldn't mess with it. He testified he went to get some hot water from the shower and at that time he saw Jones carrying the stool through the run and saw him trip on a mattress in the second cell. He indicated that pieces of the two stools were out on the run and the prisoners began to throw these pieces. He testified that he threw a piece of the stool at the television and also kicked at the screen of said television. Defendant Carloss also identified a spoon that had been sharpened as being his.

Elmer K. Scott, jailer and Deputy Sheriff, testified on behalf of the defendants and stated that defendant Jones was not a discipline problem. Scott further testified that defendant Jones kept his cell in no better nor worse shape than the other prisoners.

■ Defendants assert as their first proposition of error that the trial court committed reversible error in his opening statement to the jury panel when he stated, "Ladies and gentlemen this is the case of the State of Oklahoma vs. Arthur Lee Jones and Ralph Gene Carloss on a charge of Injuring a Public Building after a Former Conviction." It is admitted that this statement could raise questions of propriety in circumstances different than those presented by this case. In the instant case the defendants elected to take the witness stand and each was thoroughly questioned as to his previous convictions. The fact that these defendants elected to waive their right to remain silent and did in fact testify themselves as to the existence of previous convictions waived any error that might have existed had they remained silent. Furthermore, in looking to the sentences, one being the minimum amount and the other two years over the minimum, this Court can not say that defendants were prejudiced by the statements of the trial court. See, Weaver v. State, 78 Okl.Cr. 277, 147 P.2d 800 (1944).

■ Defendant Ralph Gene Carloss asserts as his second proposition of error that he was prejudiced by the introduction of evidence by the District Attorney that he had a sharpened spoon in his possession and by the trial court's failure to admonish the jury to disregard such evidence. The record indicates that objections raised by the defendant as to the matters herein asserted as prejudicial were sustained by the trial court. Furthermore, the trial court did not allow the spoon to be admitted as evidence. As to defendant Carloss, the sentence adjudged by the jury was the minimum amount possible. The trial court, in speaking to the matters asserted as prejudicial, stated in open court, (Tr. 130), "It wasn't submitted as evidence, . . . so it can't be considered as evidence." Also, (Tr. 131) "It is not admitted into evidence, the only thing is that this was picked up up there and he admitted having it and that's the only thing the jury should consider. It hasn't been tied into this case in any way."

In looking to the record in view of the fact that the trial court sustained defendant's objections, the spoon was not admitted as evidence and the defendant was sen-

tenced to the statutory minimum. We do not feel that the alleged misconduct affected the verdict. As such, there is no basis to authorize this Court to reverse the judgment. Odell v. State, 94 Okl.Cr. 159, 232 P.2d 158 (1951). We therefore find this proposition of error to be without merit.

■■■ Defendant Arthur Lee Jones asserts that the trial court erred in admitting testimony relating to an incident involving him while he was incarcerated in the County jail approximately one month prior to the offense charged in the instant case. This proposition is premised on the admission of testimony of Cleo Wilson, Sheriff of Ottawa County, Oklahoma.

The record reflects that Ottawa County Deputy Sheriff Bill Hasseberg testified prior to Sheriff Wilson. Hasseberg related the prior incident without objection and defendant thoroughly cross-examined the witness as to this matter. This Court stated in Smith v. State, Okl.Cr., 431 P.2d 949 (1967):

"[W]hen immaterial evidence is introduced by the State, this error is cured when counsel for the defense cross-examines the witness on the same subject." at 950.

See also, Wright v. State, 77 Okl.Cr. 393, 142 P.2d 128 (1943).

The defendant's failure to object to the testimony of Deputy Sheriff Hasseberg and the thorough cross-examination of the witness waived any error, if any, that existed. Further, assuming arguendo that defendant did properly preserve the record, it is our opinion that the complained of testimony was properly admitted to show common plan, scheme and design. See, Roquemore v. State, Okl.Cr., 513 P.2d 1318 (1973). We therefore find this proposition to be without merit.

For the foregoing reasons, it is this Court's opinion that the judgments and sentences appealed from should be, and the same are hereby, affirmed.