**Dalton MATHEWS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–756.**

Court of Criminal Appeals of Oklahoma.

April 22, 1976.

Irvin Owen, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

Appellant, Dalton Mathews, hereinafter referred to as defendant was charged and tried in the District Court of Pottawatomie County, Case No. CRF–74–462, for the offense of Obtaining Merchandise by means of a False and Bogus Check, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1541.2. He was convicted in a jury trial of the offense of Obtaining Merchandise by Means of a False and Bogus Check and pursuant thereto his punishment was fixed at a term of two (2) years' imprisonment. From this judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness at trial was Danny Headrick who testified that he was employed with the Radio Shack located at 219 East Main in Shawnee, Oklahoma, and was so employed on the 17th day of August, 1974, on which day he was at work when the defendant came in and wanted to purchase a cassette recorder and "play

back." He identified State's Exhibit No. 1 as the check tendered by the defendant for payment of the tape player and he observed the defendant sign the check in his presence. The next time he had occasion to see the check was approximately seven days thereafter when the check was returned by the bank for the reason that no account existed at the bank in the defendant's name. Upon the return of the check he notified the defendant of the bad check and the defendant assured him that the check would be redeemed at the first of the month. He stated the defendant never redeemed the check and that an effort was twice made to contact the defendant.

Mike Tonubbee testified that he was the manager of Radio Shack at 219 E. Main in Shawnee and was so employed on the 17th day of August, 1974. He identified State's Exhibit No. 1 as the check drawn upon the Farmers and Merchants Bank by Dalton Mathews, the defendant. He said the check was returned on approximately the 26th day of August, for the reason that no such account existed at the bank. He testified that he sent the salesman who accepted the check twice to inform the defendant of the check and to ask the defendant to make the check "good." He said that he also visited the defendant and asked the defendant to redeem the check to which the defendant replied that he would have some money on the first, which was the following Monday. He further testified the defendant never redeemed the check and at the time of the trial no restitution of the check had been made. He testified on cross-examination that he had filled in the date of the check which coincided with the date of the sales slip. He filled in the date for the reason that the salesman had not done so.

Jim Webster testified he was Vice-President with Farmers and Merchants Bank and his duties at the bank included custody of the bank records. Whereupon being shown State's Exhibit No. 1, he testified the bank records reflected that the bank received State's Exhibit No. 1, the re-turned check, on the 21st day of August, 1974, and the check was returned on the 27th day of August, 1974, for the reason no account existed at the bank under the name of the drawee, the defendant. He further testified the bank records reflected no account in defendant's name had ever existed at the bank. The State then rested.

The defendant took the stand to testify, in his own behalf and stated he purchased the tape recorder at the Radio Shack for one of his daughters and that at the time of purchase he told the clerk to hold the check, as defendant said, "I didn't have no account—no money in the bank." He stated the purchase occurred in June. He further testified that when the Radio Shack manager visited him to collect for the check the manager became indignant, threatened the defendant with jail and defendant responded "I'll pay you. I'll pay you to get you off my back." He testified that he also tried to return the tape recorder when he drove his 16-year-old daughter to the Radio Shack and she attempted to return the recorder but was refused. He stated he did not attempt to return the recorder himself because he was ill. He also stated that he had been convicted of Obtaining Merchandise by False and Bogus Check upon pleas of guilty in 1964 and 1963. The defendant then rested.

In rebuttal for the State, Mike Tonubbee was recalled as a witness and testified that at no time did the defendant inform him or anyone at his store at the time the check was passed that the check was no good. He further testified that at no time did the defendant attempt to return the merchandise to the store.

In further rebuttal by the State, Danny Headrick was recalled as a witness and testified that at the time the check in question was tendered the defendant did not inform him that no such account existed at the Farmers and Merchants Bank nor that the defendant did not have funds in the bank to cover the check. He further testi-

fied that no agreement was made to hold the check for any period of time. The State then rested.

The defendant's sole assignment of error asserts the trial court erred in overruling the defendant's formal motion to prohibit the prosecutor to cross-examine the defendant about prior convictions during the first stage of the bifurcated trial. The defendant alleges that a formal motion was filed on the 29th day of April, 1975, requesting the consolidation of the bifurcated trial mandated by 22 O.S.1971, § 860, into a single proceeding and then in the alternative requesting that the prosecution be prohibited from cross-examining the defendant in respect to prior convictions.

The State urges, and we agree, that the motion the defendant alleged filed does not appear in the record nor does there appear to be argument on such motion in the transcript of the trial proceedings. The State further submits the trial court properly proceeded under its authority founded in 22 O.S.1971, § 860, and it is within the sole discretion of the trial court to allow the defendant to waive a bifurcated proceeding as contemplated by the statute. See, *Whitehead v. State*, Okl.Cr., 518 P.2d 53 (1974). The State further cites *Kennedy v. State*, Okl.Cr., 443 P.2d 127 (1968), wherein this Court, quoting from the previous decision of *Clark v. State*, 95 Okl., Cr., 119, 239 P.2d 797 (1952), stated: "on cross-examination of a defendant for the purpose of affecting his credibility as a witness, he may be asked his occupation, and whether he has been convicted of a crime . . . ." The State thus urges the defendant's sole assignment of error is without merit.

The defendant's argument that cross-examination of an accused in the first stage of a bifurcated trial should be restricted to guilt without any reference to prior offenses is not persuasive and we are compelled to adhere to our prior decision and find no reason to deviate therefrom. For this reason we reject the defendant's sole assignment of error.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.