Jerry Michael EDWARDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–245.

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1976.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Douglas L. Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jerry Michael Edwards, here-inafter referred to as defendant, was charged in the District Court, Grady County, Case No. CRF–75–61, for the offense of Robbery With Firearms, After Former Conviction of Felony, in violation of 21 O.S.1971, § 801, as amended Laws 1973, Ch. 76, § 1. He was tried by a jury and convicted of the aforementioned crime. His punishment was fixed at fifteen (15) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness, Shirley Dixon, testified that at approximately 8:58 p. m. on May 22, 1975, she was employed at the Safeway Store in Chickasha, Oklahoma, in a lower management position. While counting money in the office area of the store, she was approached by a man armed with a gun who ordered her down to the floor, then took money from the safe and tills in the office, which was later found to amount to $4,005.00. Ms. Dixon positively identified the defendant as the robber, due to an earlier observation of him, noting physical characteristics of walking with a limp and having a facial scar. She further identified State's Exhibits Nos. 1 and 2, photos which had been taken of the office area. On cross-examination, Ms. Dixon testified that she picked the defendant's picture out of a group of six, and during cross-examination of this witness the following exchange took place:

"Q. And did they make any suggestions to you as to which pictures to pick out?

"A. No way. I didn't—when I first picked him out I told them this was the man that did it, and to me they acted like they didn't care. One of the detec-

tives said, I don't know what his name is, they looked in some book or something, and he said, according to this this man is in prison on some charge, and I said, I don't care what you say. I said I know it's the man; I know it's the man that did it. I said, I think you ought to check into it, and that is the exact words I said." (Tr. 12)

Defendant's subsequent motion for a mistrial was overruled.

The State's second witness, Wilma Hurley, a checker at Safeway, testified that she observed a man with his arm in the safe. She had answered questions for this man earlier in the evening, noting a facial scar. She made a pictorial identification similar to that of Dixon, having no difficulty picking from a field of six the man who robbed the Safeway Store. Ms. Hurley made an in court identification of the defendant as the robber.

The State's third witness, Allen Cobden, another Safeway employee, identified the defendant as a man who had been in the store for approximately 40 minutes the evening the robbery took place. Cobden also identified State's Exhibits Nos. 1 and 2.

The State's fourth witness was Ray Markham, the desk clerk at Kings Inn in Chickasha on the evening of May 22, 1975, who identified a registration slip signed by the defendant on that evening. He further testified that Kings Inn was two and one-half blocks from the Safeway Store.

Claude Shobert, an Oklahoma City detective, testified as the State's fifth witness that defendant's known address was the same as on the registration card.

The State's sixth witness was Danny Joe Miller, a Chickasha detective, who identified State's Exhibits Nos. 1 and 2 as photos of the Safeway Store office taken by him on October 30, 1975; these were then offered and accepted into evidence and shown to the jury without objection. Defense counsel objected during cross-examination of this witness to the introduction of these pictures when he realized there was a four month time lapse between the robbery and the taking of the pictures.

The seventh witness for the State was Barbara Gayle Sanders, defendant's ex-wife, who testified that the defendant came to her house in Chickasha between 9:00 and 9:30 p. m. on May 22, 1975, to see the couple's children. She also testified as to defendant's physical characteristics; birthmark on right cheek and a limp.

The State's eighth witness, L. C. Gass, a Chickasha insurance agent, testified he was shopping at the Safeway Store in Chickasha on the evening in question and observed the defendant before and during the commission of the robbery. He further related watching the defendant leave the store walking with a limp. This witness's pretrial pictorial identification was brought out on cross-examination. When first shown a field of six photographs, he was unable to pick out any one. Approximately ten days later he made a positive identification from a field of eight. Gass was unable to recall any photos as having been in the first pictorial presentation. Defendant's motion for dismissal followed the close of the State's case, and was overruled.

The defendant in his own behalf testified as to his current incarceration in the Federal penitentiary at Leavenworth, Kansas, on a conviction for entering a building used in part as a savings and loan association, with intent to commit larceny. He further testified to a conviction in Seminole County District Court for burglary in the second degree, and of conviction in Oklahoma County for forgery. He related his arrival at his ex-wife's house shortly after 8:00 p. m., remaining 40 to 45 minutes and then leaving with his children for a short period of time. He denied being in the Safeway Store on the evening in question and denied ever owning a gun.

Defendant then requested the case be submitted to the jury in a one stage proceeding rather than the two stage proceed-

ing as provided in 22 O.S.1971, § 860. Defendant's request was overruled.

■ On appeal defendant's first assignment of error concerns the alleged evidentiary harpoon earlier referred to in the text of this opinion. Counsel suggests this exchange put defendant's character in issue before the defense had brought it forth, by referring to a previous incarceration, and was therefore reversible error. We disagree.

It is manifest from the record that the adverse statement was a response to a question posed by defense counsel on cross-examination. We held in *Landon v. State*, 82 Okl.Cr. 336, 166 P.2d 781, (1946), in the sixth paragraph of the Syllabus, that:

"Counsel may not, on cross-examination, bring out evidence which is damaging to his client and then ask for a mistrial on the ground that the testimony given in response to question asked by counsel was improper evidence."

See also, *Dodson v. State*, Okl.Cr., 476 P. 2d 358 (1970). Witness Dixon's unfavorable answer could have been foreseen by counsel; as he opened the door he cannot now complain of what entered through it.

■ Further, it is our opinion that any error which might have existed was waived when the defendant took the stand. This is underscored by our holding in *Jones v. State*, Okl.Cr., 532 P.2d 462 (1975), wherein this Court held:

". . . The fact that these defendants elected to waive their right to remain silent and did in fact testify themselves as to the existence of previous convictions waived any error that might have existed had they remained silent. . . ."

■ Defendant's second assignment of error involves the admission of State's Exhibits Nos. 1 and 2, the pictures of the Safeway office. Defendant alleges that the fact the photos were taken four months after commission of the offense renders them inadmissible, therefore, their admis-

sion was prejudicial reversible error. We find this contention to be without merit.

Quoting from the 16th paragraph of the Syllabus to *Cody v. State*, Okl.Cr., 361 P. 2d 307 (1961), this Court stated in part:

". . . Whenever it becomes relevant to describe a person, place or thing, and photographs and pictures are shown to be a faithful reproduction of whatever they purport to reproduce, they are admissible for the purpose of assisting the court or jury in understanding the situation."

See also, *Watts v. State,* Okl.Cr., 487 P.2d 981 (1971).

We held in *Vavra v. State*, Okl.Cr., 509 P.2d 1379 (1973), that admissibility of a photograph into evidence in a criminal case is a matter addressed to the discretion of the trial court under circumstances of a particular case. Under the facts of the principal case we cannot say this discretion was abused.

■ We would also note that defense counsel did not object to the admission of these exhibits until they had been admitted into evidence and viewed by the jury. We held in *Carson v. State*, Okl.Cr., 529 P.2d 499 (1974), quoting *Hampton v. State*, Okl. Cr., 407 P.2d 210 (1965), as follows:

" 'It is the duty of counsel to raise, at proper time and in proper manner, all objections to the proceedings and save proper exceptions. When this is not done, they are treated as waived, and there are few exceptions to this rule.' "

While it is no longer necessary to save an exception once the objection has been made and adversely ruled upon, we held in *Veales v. State*, Okl.Cr., 374 P.2d 792 (1962), that objections must be interposed at first opportunity and should be made either at the beginning of trial by motion to suppress evidence or in the course of examination as soon as it becomes apparent that the State will rely thereon, and defendant failing to make timely objection waives his right to be heard upon the question. Our holding in *Carson v. State,* su-

pra, indicates that the defendant cannot properly raise objections to admission of evidence allegedly irrelevant, incompetent, and immaterial where the matters about which he is complaining were admitted without objection.

■ Defendant's third assignment involves testimonial discrepancies between two of the State's witnesses concerning observations made of defendant. We will assume this alleged error challenges the sufficiency of the evidence to identify the defendant as the perpetrator of the crime. In *Queen v. State*, 35 Okl.Cr. 414, 250 P. 935 (1925), in the first paragraph of the Syllabus, we set forth the basic rule in this State as follows:

"The credibility of the witnesses and the weight and value to be given their testimony is peculiarly within the province of the jury, and the jury may believe the testimony of one witness upon a state of facts as against that of several testifying to a contrary state of facts."

Accord, *Humphrey v. State*, Okl.Cr., 452 P.2d 590 (1969). Such discrepancies as occurred in the principal case are not nearly severe enough to warrant our disrupting the finding of the jury.

■ Defendant, in his fourth assignment of error, charges a prejudicial and improper pretrial photo identification procedure due to impermissibly suggestive presentation. We must here rule in accordance with our decision in *Bridgeman v. State*, Okl.Cr., 496 P.2d 431 (1972). In that case the defendant did not object to the identification of the defendant by the witness until the conclusion of cross-examination. Had he timely requested an evidentiary hearing, the trial court could have ascertained if the in court identification was based on an independent source sufficiently distinguishable to be purged of the primary taint, if any, of the allegedly illegal pretrial identification. In the principal case defendant did not move for mistrial until close of the State's case, and we do not consider this a timely objection; there-

fore, this assignment of error is improperly before this Court.

Even considering this assignment of error as having been properly preserved, we find the procedure as conducted to be one comporting with constitutional mandates. The police officers made no indications or suggestions as to whom the witnesses should choose; the witnesses were presented a field of six photos from which to reject or choose the perpetrator; and, all had had excellent opportunities to observe the robber at the time of the offense. The standard as set forth in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968), is as follows:

"[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

We do not find a very substantial likelihood of irreparable misidentification under the circumstances of this case.

■ Defendant next contends his character was improperly impeached by Detective Shobert before it had been put in issue. We need only refer to *Landon v. State*, supra, for resolving this issue. Counsel may not complain about information damaging to his client which he himself has inadvertently brought out on cross-examination.

■ Defendant, in his final assignment of error, challenges the use of the two stage proceeding in a prosecution after former conviction when the defendant has taken the stand and voluntarily admitted and proven the former convictions during the first stage.

We have previously considered and rejected this argument. See, *Wilmeth v. State*, Okl.Cr., 520 P.2d 699 (1974); *Whitehead v. State*, Okl.Cr., 518 P.2d 53

(1974); *Carney v. State*, Okl.Cr., 406 P.2d 1003 (1965).

For the above and foregoing reasons it is the opinion of this Court that the judgment and sentence appealed from should be and the same is, hereby, *AFFIRMED*.

BRETT, P. J., and BLISS,° J., concur.