Robert LaGRONE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–76–751.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1976.

Robert LaGrone, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge.

Appellant, Robert LaGrone, has filed an appeal from the denial of post conviction relief in the District Court, Oklahoma County, Case No. CRF–73–3222, wherein he was convicted for the crime of Robbery with Firearms and was sentenced to serve twenty-five (25) years' imprisonment.

To the Order denying post conviction relief, the Honorable Dick Jones attached a Memorandum which succinctly sets forth the facts and deals with the issues raised by Appellant. We commend Judge Jones for the meticulous manner in which he dealt with the issues, and adopt his Memorandum which reads as follows:

"The Public Defender has been in and out of this case like a bouncing yoyo. When Petitioner was first arrested, the Public Defender was appointed to represent him. Lagrone then employed John L. Hester as his private counsel and the Public Defender was permitted to withdraw from the case. Later Hester and Lagrone had a falling out and Hester was permitted to withdraw and the Public Defender again appointed. Before the trial commenced, Jethro Currie was employed by Lagrone and again the Public Defender was permitted to withdraw from the case. After conviction Currie was permitted to withdraw and the Public Defender was again appointed for the purpose of handling the appeal of the accused. After the conviction was affirmed, Edith James was employed to represent the accused in presenting his Application for Post-Conviction Relief. Again the Public Defender was permitted to withdraw from the case. Only Ms. James appeared for Petitioner at the evidentiary hearing. After denying the Application for Post-Conviction Relief, Petitioner appealed to the Court of Criminal Appeals pro se. The Court of Criminal Appeals issued a directive affirming the denial of Post-Conviction Relief on the single ground disposed of in the opinion of the reviewing District Court. However, the cause was remanded with instructions to consider "the two assignments of error presented in the Application for Post-Conviction Relief which were not considered when the order of denial was made.

"Upon receipt of the directive, the Court again appointed the Public Defender to represent Lagrone in the evidentiary hearing that had been set for September 10, 1976.

"The two assignments of error which Petitioner's counsel at the former evidentiary hearing said she did not desire to present are as follows:

"1. The in-trial identification of the accused by the prosecuting witness was tainted;

"2. Evidence indicating Defendant's possible commission of another crime was admitted, which was prejudicial to the accused.

■ "We have reviewed the record as to the first assignment of error and find that it is wholly without merit. The identification of the accused in the trial was based upon his recognition of the Defendant at the time of the robbery and not upon any primary taint by means of a photograph. There was no impermissible suggestive presentation of a photograph as was condemned by the United States Supreme Court in *Wade vs. United States,* 388 U.S. 218. [87 S. Ct. 1926, 18 L.Ed.2d 1149] The procedure followed was in accordance with the decision of the Court of Criminal Appeals in *Bridgeman vs. State,* 496 P. 2d 431, and *Edwards vs. State,* 47 OBJ 1896, [Okl.Cr., 554 P.2d 46] decided August 26, 1976.

■ "The second assignment of error is directed at the testimony of Officer Larry Sanders, who testified that he went to the Town Park Motel after having a conversation with one Jerry Hendrickson and Ronald Pettengill and there arrested the Defendant. After counsel for the accused had cross-examined the officer, he moved that the testimony of the officer be stricken, and the Court in re-

sponse to the motion stated, 'Objection is sustained. The testimony of this witness is all stricken as incompetent. The jury is admonished not to consider it.'

"We fail to see where the accused was harmed by this testimony and especially in view of the fact that the Court struck the testimony and admonished the jury not to consider it. Counsel for the accused did not place the importance on this testimony that the accused is now trying to place and it was not raised as one of the grounds for appeal in the appeal taken on behalf of the accused, which was affirmed.

"We find no reasonable basis in the record after consideration of the only two assignments of error set forth in the Petition of Lagrone which were not considered in the first disposition of this matter for setting aside the judgment of conviction.

"The Application for Post-Conviction Relief is accordingly denied."

For the reasons set forth above, the appeal from the denial of Post-Conviction Relief is accordingly AFFIRMED, and Robert LaGrone is advised that he has now exhausted *all* of his State remedies.

BRETT, P. J., and BLISS, J., concur.