**Frank Paul BRIDGEMAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16697.**

Court of Criminal Appeals of Oklahoma.

March 8, 1972.

Rehearing Denied May 8, 1972.

BUSSEY, Presiding Judge:

Frank Paul Bridgeman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Woodward County, Oklahoma, for the offense of Forgery in the Second Degree; his punishment was fixed at three (3) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. Suffice it to say that on October 14, 1970, the defendant, two women and a small child, ate a meal at J. B.'s Grill in Woodward, Oklahoma. Defendant paid for the meal with cash, and then asked to cash a check. Donna Parsons cashed the check identified as State's Exhibit One. She testified on cross-examination that, some time later, she was called by the Sheriff and that she and Ester Ike went to the court house to identify the defendant, without a lineup.

Treva Regan testified that on the afternoon in question she was employed at the restaurant. She identified the defendant as the person who cashed State's Exhibit One. J. B. Nichols testified that State's Exhibit One was presented to the bank for payment, which payment was refused. Daniel Price testified that he was Vice-President and Cashier of the Bank of Woodward, and that there was no account in the bank in the name of the maker of State's Exhibit One and never had been.

The sole proposition asserts that the trial court erred in admitting the courtroom identification of the defendant in that the lineup was not conducted within the procedures set forth in Thompson v. State, Okl.Cr., 438 P.2d 287. We need only to observe that the defendant did not object to the identification of the defendant by the witness Parsons until the conclusion of his cross-examination. The defendant did not at any time prior to or during the course of the trial request an evidentiary hearing. In Davis v. State, Okl.Cr., 467 P. 2d 521, we stated:

"* * * We further observe that *in the event the defendant raises a timely objection to the courtroom identification of the defendant* for the reason that it is based on a pre-trial identification by photograph or line-up * * * the trial court should conduct a hearing outside the presence of the jury and determine if the pre-trial identification procedure was conducted in accordance with the rule enunciated in *United States v. Wade,* * * *" (Emphasis Added)

In the instant case the defendant did not timely request an evidentiary hearing whereupon the trial court could ascertain if the in-court identification was based on an independent source sufficiently distinguishable to be purged of the primary taint of the illegal pre-trial identification. Absent his timely request in the trial court for an evidentiary hearing, we are of the opinion that this proposition is improperly before this Court. We further observe that the defendant was identified by the witness, Treva Regan, who was not present at the improper lineup. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.