**Michael David McKEE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–610.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1975.

Rehearing Denied March 11, 1975.

David H. Loeffler, Jr., Loeffler & Allen, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Defendant, Michael David McKee, was convicted by jury verdict in the District Court, Creek County, for the offense of Burglary, Second Degree, After Former Conviction of a Felony. (Case No. CRF-73-11) From the State's evidence adduced at trial the jury found that defendant was guilty as charged with breaking and entering into the residence of Mr. and Mrs. Ferris Drake with the felonious intent to steal their property. Pursuant to the verdict of guilt, defendant was sentenced to imprisonment in the State penitentiary for a period of ten (10) years and he brings this timely appeal of said judgment and sentence, raising three propositions of error.

As the defendant does not challenge the sufficiency of the evidence presented against him, a complete recitation of the facts will not be necessary and it will suffice to present the State's evidence in summary form. Mr. and Mrs. Ferris Drake positively identified defendant as the driver of the brown Ford van which left their home around 2:00 p. m. on May 31, 1973, as they drove in the driveway approaching their house. The Drakes testified that they had been working in their shop, located approximately 300 yards from the home, when they observed that a brown van was backed up to their house. Leaving the shop in separate vehicles they drove toward their home, meeting the van which was forced to slow down in order to exit. The Drakes testified that they got a good, close look at the driver of the vehicle, a brown Ford van, and that the driver was the defendant. When the Drakes arrived at their home they discovered that their doors had been forcibly opened and their television was missing. Mrs. Drake then called the Sheriff's Office for assistance. Further testimony established that a short time later the defendant, driving a brown Ford van, was stopped at Heyburn Station by Deputy Sheriff Napier and that a consent search of his van yielded a pair of wet, muddy shoes and a tire tool with gray paint particles on the pry end. Testimony by various witnesses revealed that it had rained for several days prior to the day in question and that the entire area was therefore very muddy. Deputy Tuttle testified that he was unable to make a plaster cast of the tire tracks found at the Drakes' home but that the tires on the van defendant was driving had a pattern of uneven wear similar to the print left at the Drakes' home.

Samples were removed from the Drakes' door from around the area which had been pried open and were forwarded to the Oklahoma State Bureau of Investigation for comparison with the gray paint particles on the tire tool found in the defendant's van. Also forwarded to the Oklahoma State Bureau of Investigation for comparison tests were mud samples taken from the area where the television set was found and from the mud which covered the van's license plate and other pertinent locations along with the muddy shoes found in defendant's van.

William Caveny, forensic chemist with the Oklahoma State Bureau of Investigation, testified that the tests he conducted showed that the paint on the tire tool and the paint sample taken from the Drakes' door showed that both had the same chemical composition and physical microscopic characteristics. He stated that the tests of the mud samples revealed that each sample contained a similar type of reddish soil with very close chemical composition.

In defendant's first assignment of error he argues that the trial court improperly admitted State's Exhibits Nos. 9, 10-A and 10-B into evidence over the objections interposed by defendant. In support of this proposition defendant relies on our decision of Trantham v. State, Okl.Cr., 508 P. 2d 1104 (1973), and argues that the State did not show an unbroken chain of custody of these exhibits foreclosing a possibility that unknown persons may have tampered with them in some way.

■ After carefully reviewing the record we find that the exhibits in question were properly admitted into evidence in accordance with the standard adopted by this Court in Trantham v. State, supra. Deputy Sheriff Rippy testified that the items were kept in his desk for two weeks before he personally took them to the Oklahoma State Bureau of Investigation Office for analysis. He testified that he has the only key to his desk, which is locked most of the time and that he seldom leaves his office even ·on emergency matters without locking his desk.

The evidence does not reveal any break in the chain of custody of these exhibits. Defendant's reliance on the argument that someone may at some time have tampered with the exhibits is not persuasive.

In Trantham v. State, supra, this Court set forth the standard that the chain of possession of State's Exhibits must be substantially established by the proof and quoted therein the following rationale from the California Supreme Court decision of Wagner v. Osborn, 225 Cal.App.2d 36, 37 Cal.Rptr. 27 (1964):

"It is true that the party offering demonstrative evidence must show to the satisfaction of the trial court that in reasonable certainty there had been no alteration of or tampering with the exhibit. . . . This burden, however, is not so absolute that all possibil.,· of alteration must be negated. Even where there may be the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight." (Citations omitted) 508 P.2d at 1107

Therefore this Court is of the opinion that the exhibits complained of were properly admitted into evidence by the trial court.

■ Secondly, defendant complains that the closing arguments made by the prosecuting attorney were directed to the passion and prejudice of the jury. First we note that this issue was not properly preserved for appeal in that defense counsel failed to move the court to admonish the jury to disregard the prosecutor's remarks as our decisions have consistently required. See Pugh v. State, Okl.Cr., 528 P.2d 719 (1974). This Court cannot condone the remarks of the prosecutor, however, we are unable to agree with the defendant's contention that he was in some way prejudiced by the closing argument. Ample competent evidence of guilt was presented by the State and defendant received the minimum sentence provided by law. In light of the imposition of the minimum sentence upon defendant for this offense, this Court is of the opinion that the prosecutor's argument, although improper, was not considered by the jury and did not prejudice this defendant. See, Sizemore v. State, Okl.Cr., 507 P.2d 1330 (1973).

■ Defendant next asserts that the court room identification of the defendant by the complaining witnesses was tainted by an allegedly illegal pretrial identification. This proposition is improperly before the Court on appeal as defendant did not object to the identification by the witnesses nor did he request that the trial court hold an evidentiary hearing on the matter outside the presence of the jury. See, Bridgeman v. State, Okl.Cr., 496 P.2d 431 (1972) and Arriola v. State, Okl.Cr., 520 P.2d 690 (1973). Although this proposition is improperly before the Court, we do observe in reviewing the record that the identification of defendant by each witness was based upon their independent observations made at the time of the commission of the crime. We further observe that there is nothing present in the record to indicate that the pretrial identification complained of was conducted in any illegal or unfair manner and further note that contrary to numerous decisions of this Court as exemplified by Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969), the defendant cites no authority in support of his argument. For these reasons we dismiss defendant's third proposition as entirely lacking in merit.

Defendant's fourth proposition regarding his contention that the trial court failed to rule upon defendant's motion for new trial

is frivolous and does not necessitate discussion by this Court. As revealed in the minutes of the trial court, defendant's motion for new trial was overruled on the 12th day of March, 1974.

For the above and foregoing reasons it is the opinion of this Court that the judgment and sentence appealed from should be, and hereby is, affirmed.

BRETT, P. J., and BLISS, J., concur.