**Willie LAWSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–185.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1977.

Bob Ward, Guthrie, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

PER CURIAM:

The appellant, Willie Lawson, hereinafter referred to as defendant, was charged in the District Court, Logan County, Case No. CRF–75–79, with the offense of Robbery with a Dangerous Weapon, in violation of 21 O.S.1971, § 801. In a jury trial the defendant was found guilty and given a sentence of twenty (20) years' imprisonment. From that judgment and sentence he has appealed to this Court.

Briefly stated, the facts adduced by the State were that on trial the defendant was identified by Mr. Joe Eldridge as the man who, on September 10, 1975, entered the Ione Package Store, owned and operated by Mr. Eldridge, and asked for a half gallon of Vodka. Mr. Eldridge got a bottle of Vodka, but before he could turn around to the cash register the defendant, who had slipped behind him, grabbed him and held a homemade knife to his neck. At the defendant's instructions, Mr. Eldridge put the bottle of liquor and the money from the cash register into a paper sack. The defendant then ordered Mr. Eldridge into the back room. At this point, Mr. Eldridge began strug-

gling, and when a customer came into the store, the defendant dropped the knife, grabbed the sack and fled.

When the defendant ran from the store he was noticed by Steve Calvert and Larry Hamilton, who were sitting in a car at a stop light nearby. They watched him running, and then noted the behavior of Mr. Eldridge, who was attempting to simultaneously call the police and watch the defendant. The two men decided to follow the defendant, and although they ultimately lost sight of him, they were able to show police where he had thrown the sack containing the liquor and money. These witnesses gave a description of the clothing worn by the robber. The defendant was arrested later that evening wearing clothes matching the description given by the witnesses.

The defendant testified in his own behalf, and denied the commission of the robbery, asserting that at the time of the robbery he was elsewhere.

On appeal the defendant raises two assignments of error: first, that the trial court permitted the State to systematically exclude blacks from the jury, and second, that the sentence was excessive in view of the evidence. Neither of these assignments of error possess sufficient merit to warrant discussion at length. Suffice it to say that the first assignment is apparently predicated on the Assistant District Attorneys' use of one of his peremptory challenges to excuse a black University employee, while allowing at least one other black to remain on the jury, and waiving his last peremptory challenge. Patently this assignment of error is without merit, and does not support the allegation of systematic exclusion of blacks from the jury.

His second assignment of error, that the punishment is excessive, is likewise without merit, and is predicated on assertions that the jury was impassioned and inflamed against the defendant by certain testimony of the victim that he was in fear for his life; testimony to which the defendant did not object. This testimony was competent and the punishment imposed was well within the range provided by law, and does not shock the conscience of the Court. As we have repeatedly held:

"When a sentence is within the limits imposed by statute this Court will not modify the terms of that sentence unless we can conscientiously say that under all the facts and circumstances it is so excessive as to shock the conscience of the Court." *Hill v. State*, Okl.Cr., 550 P.2d 1356 (1976).

Finding no error that would justify modification or reversal, we are of the opinion that the judgment and sentence should be, and the same hereby is *AFFIRMED*.