Steven Earl EVANS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–8.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1977.

Rehearing Denied Oct. 12, 1977.

Benjamin E. Butts, Chandler, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Steven Earl Evans, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Lincoln County, Case No. CRF–76–47, for the offense of Unlawful Delivery of Marijuana, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at two (2) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Richard Dill testified that he was employed as a chemist with the Oklahoma Bureau of Investigation. He conducted tests on the contents of State's Exhibit No. 1 and was of the opinion that the same was marijuana.

Richard Edward Strong testified that in the fall of 1975, he was employed as an undercover agent with the District Attorney's Office in Lincoln County. He admitted that prior to becoming an undercover agent he smoked marijuana and "sold it a few times," and that on October 11, 1975, he approached defendant and asked him if he knew where any "stuff" was around. Defendant stated that he had one bag left. Defendant opened the trunk of his vehicle and sold him a baggie containing a green leafy substance for $10.00. He kept the baggie in his possession for two days and delivered it to Investigator Dawson. He placed the baggie in an evidence envelope, State's Exhibit No. 1, which he initialed and dated.

On cross-examination, he testified that defendant was in his National Guard Unit and that Investigator Dawson was their First Sergeant. He admitted being involved in narcotics for the previous two or three years. He further admitted that he had been caught smoking marijuana in a National Guard truck.

Gene Dawson testified that he was employed as an Investigator for the District Attorney's Office in Lincoln County. On October 13, 1975, Hank Strong delivered to him a plastic bag containing a green leafy substance. The bag was initialed, dated and placed in an evidence envelope. He delivered the envelope to the Oklahoma Bureau of Investigation on October 15, 1975.

For the defense, Hank Strong was recalled by the defendant. He admitted that the incident wherein he had been caught smoking marijuana occurred six or seven months ago rather than eighteen months as he had previously testified.

Defendant testified that he had known Hank Strong approximately six years. He denied selling marijuana to Strong on the day in question.

Defendant asserts in the first assignment of error that 63 O.S.1971, § 2–401 is unconstitutional as a denial of due process and equal protection of the law. Defendant argues that the classification for marijuana, amphetamines and barbiturates for penalty purposes is a violation of the Equal Protection Clauses of the United States and Oklahoma Constitutions. Defendant cites as authority, *State v. Anonymous*, 32 Conn.Sup. 324, 355 A.2d 729 (1976), wherein the Superior Court of Connecticut found a similar statute to be unconstitutional. The Superior Court of Connecticut found that it was unreasonable to classify marijuana with barbiturates and amphetamines for penalty purposes because of the differences in the effect on users and the potential for abuse.

We believe that the better view was expressed by the Supreme Court of South Dakota, who held in substance, in *State v. Strong*, 245 N.W.2d 277 (1976), that there is a rational basis for a classification very much like the one challenged in the instant case:

"The statutory scheme here involved does not involve basic or fundamental rights or interests of appellant and

'the concept of equal protection as embodied in the Due Process Clause of the Fifth Amendment, see *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), does not require that all persons be dealt with identically, but rather that there be some "rational basis" for the statutory distinctions made, *McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1060, 35 L.Ed.2d 282 (1973), or that they "have some relevance to the purpose for which the classification is made." ' " (citations omitted) *Marshall v. United States*, 1974, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618.'

"As stated in *McLaughlin v. Florida*, 1964, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222, 'Normally, the widest discretion is allowed the legislative judgment in determining whether to attack some, rather than all, of the manifestations of the evil aimed at; and normally that judgment is given the benefit of every conceivable circumstance which might suffice to characterize the classification as reasonable rather than arbitrary and invidious.' Considering the lack of unanimity in either legal or scientific opinion as to the effects of marijuana, we agree with the Supreme Court of Missouri wherein it stated ' "The classification, we believe, is reasonable and not arbitrary despite the fact that some of the drugs listed could be classified differently." ' *State v. Burrow*, 1974, Mo., 514 S.W.2d 585."

We would further observe that 63 O.S.1971, § 2–201 provides in part as follows:

"C. The Commissioner may recommend to the Legislature the addition, deletion or rescheduling of a substance.

D. In considering whether to make a recommendation or issue an order under this section, the Commissioner or the Board of Pharmacy, as the case may be, shall consider the following:

"1. Its actual or relative potential for abuse;

"2. Scientific evidence of its pharmacological effect, if known;

"3. State of current scientific knowledge regarding the substance;

"4. Its history and current pattern of abuse; .

"5. The scope, duration, and significance of abuse;

"6. What, if any, risk there is to the public health;

"7. Its psychic or physiological dependence liability; and

"8. Whether the substance is an immediate precursor or principal compound of a substance already controlled under this article."

█ It is thus readily apparent that the Legislature has provided a proper framework within which to determine when and if certain substances should be reclassified. This Court will not substitute its judgment based upon the development of conflicting contemporary expert opinion for that of the Legislature. The classification here complained of is neither unreasonable nor arbitrary, and we therefore find this assignment of error to be without merit, in accordance with *State v. Strong*, supra, and authorities cited therein.

█ Defendant finally contends that the verdict was not sustained by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. *Taylor v. State*, Okl.Cr., 374 P.2d 786 (1962). From the foregoing statement of facts we are of the opinion that the evidence although conflicting was sufficient for the jury to conclude that the defendant was guilty.

We therefore find the final assignment of error to be without merit.

In conclusion we observe the record is free of any error which would cause reversal or justify modification.

The judgment and sentence is accordingly *AFFIRMED.*

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

I concur that the evidence was sufficient to submit this case to the jury, and that the conviction should be affirmed. However, insofar as it appears that this is the defendant's first conviction defense counsel is admonished to consider filing an application under the provisions of 22 O.S.1971, § 991b. In addition to the pre-sentence investigation report, that appears to have recommended probation for this defendant, the trial judge now has the additional experience factor, since this trial was conducted, to consider with reference to the imposition of a suspended sentence. It appears to defeat the ends of justice to suggest a general rule for all convictions, that no person shall be granted probation even in this type case. Likewise, it is not often that a person's employer will appear to testify that he believes the person is a good risk for probation as was done in this case. Ironically this conviction was accomplished by the testimony of one who admitted he has not only smoked marihuana, but he has also sold the substance. Therefore, it appears to logically follow, if the state's key witness is capable of being rehabilitated, this defendant may stand an equal capability. After reading the record of testimony in this case, I believe this defendant is a suitable risk for a suspended sentence.