John VAN DEN BRAND, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-577.

Court of Criminal Appeals of Oklahoma.

May 8, 1978.

Rehearing Denied June 7, 1978.

Erwin & Butts, P. C. and Vassar & Vassar, Larry K. Lenora, Chandler, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, John Van Den Brand, a/k/a Johnny Allen, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Lincoln County, Case No. CRF–76–87, for the offense of Unlawful Delivery of Marihuana, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at two (2) years' imprisonment and a fine of One Thousand Dollars ($1,000.00). From said judgment and sentence a timely appeal has been perfected to this Court.

■ As his first assignment of error the defendant argues that 63 O.S.1971, § 2–401 is unconstitutional in that the classification of marihuana with amphetamines and barbituates is irrational, arbitrary and capricious. We find this assignment of error to be without merit. In the recent case of *Evans v. State,* Okl.Cr., 569 P.2d 503 (1977) we dealt with the identical issue here presented. For the reasons stated in *Evans,* supra, we are of the opinion that this assignment is wholly without merit.

■ As his second and final assignment of error the defendant argues that the evidence was insufficient to sustain the verdict of the jury and that the trial court erred in overruling his demurrer to the evidence for the reason that the testimony of his accomplice, one Tackett, was uncorroborated. Briefly stated the uncontroverted evidence was that on the morning of June 4, 1976, Luther B. Brakefield, an undercover agent for the District Attorney's Office, Lincoln County, went to the defendant's home with Raymond Mustin. Mustin introduced him to the defendant. He asked the defendant if he had any marihuana for sale. Defendant replied affirmatively but that he would have to wait about ten minutes. Defendant told him to go across the street and wait. Bill Tackett arrived in approximately fifteen minutes. The defendant and Tackett walked toward the defendant's residence. They returned in just a few minutes and motioned to Brakefield to come over. Defendant introduced him to Tackett and said that he was the "one that done his business for him." [Tr. 19]. The defendant turned around and walked back down the hill.

Tackett produced two plastic bags containing a green leafy substance and laid them on the floorbed of his pickup. The two baggies contained marihuana. The defendant argues that the uncorroborated testimony of Tackett relative to the sale and delivery of the marihuana was insufficient to support the verdict of the jury. We disagree. The testimony of the accomplice, William Tackett was corroborated by the testimony of the witness Brakefield. Brakefield testified that he discussed the purchase of marihuana with the defendant before Tackett arrived. Tackett and the defendant went to the defendant's house and returned shortly thereafter together. Defendant introduced Tackett to Brakefield stating that he was "the one who done his business for him and that I would be doing business with him." Defendant left the area and Tackett sold the two baggies of marihuana to the undercover agent. Such evidence was clearly sufficient to corroborate the testimony of the accomplice. We have consistently held that if there is testimony tending to connect the defendant with the commission of the offense, this Court will take the strongest view of the corroborating testimony that such testimony warrants. See *Barber v. State,* Okl.Cr., 388 P.2d 320 (1963), *Nation v. State,* Okl.Cr., 478 P.2d 974 (1970) and *Sperry v. State,* Okl.Cr., 543 P.2d 582 (1975).

For reasons above set forth the judgment and sentence appealed from is *AFFIRMED.*

CORNISH and BRETT, JJ., concur.