Michael Allen CLARK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–397.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1978.

Rehearing Denied Nov. 9, 1978.

Clarke L. Randall, App. Public Defender, Tulsa County, Jeffrey Fischer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant was tried and convicted of the crime of Shooting With Intent to Kill. While he raises several propositions of er-. ror, we need only discuss the one which requires that this case be reversed and remanded for a new trial.

Deborah Ann Clark McClendon was the only person present at the incident for which the defendant was tried, other than the defendant and the police officer at whom the defendant allegedly shot. Although she was endorsed as a State's witness on the information filed against the defendant, she was not called at preliminary hearing, because according to the Assistant District Attorney who conducted the preliminary hearing, he did not think her testimony was necessary. After the preliminary hearing, the District Attorney who conducted the preliminary hearing talked to Ms. McClendon, discovered that her testimony would not be helpful to the State, and decided that in his opinion Ms. McClendon was lying. About a month before the defendant's trial, the District Attorney who tried the defendant's case warned the defense attorney that if the defense used Ms. McClendon as a witness the State would introduce the testimony of a police officer who would impeach her testimony with prior statements that she made to him.

At the defendant's trial, Ms. McClendon was sworn, but she was not called to testify. There is some discrepancy in the evidence before this Court as to the intensity of the District Attorney's warning to the defense and as to whether or not the Assistant District Attorney indicated that he would file perjury charges against Ms. McClendon if she testified. During the State's first closing argument, the Assistant District Attorney commented on the defendant's failure to call Ms. McClendon as a witness. Ms. McClendon testified at the motion for new trial that she had never told an officer that the defendant had thrown off the bed covers and shot at a police officer. Based on that testimony, she was charged with perjury. At the preliminary hearing on her perjury charge, the police officer to whom Ms. McClendon had spoken shortly after the incident, testified as follows:

". . . Miss Norton said she was behind him, as the officer was entering the bedroom and Officer Strohler [sic] approached the bed, and this gun went off, and the gun was fired into the ceiling.

\*　　\*　　\*　　\*　　\*　　\*

"Q. (MR. RAYMOND) Did she tell you who was holding the gun?

"A. Yes, sir, she said Michael fired the gun into the ceiling."

The perjury charge was dismissed for insufficient evidence.

The District Attorney urges that this Court should not reverse this case and remand it for a new trial, because the District Attorney acted in good faith, based on the officer's written report.

We think the issue is not the good or bad faith of the Assistant District Attorney. As the United States Supreme Court said in *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967), "Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense." Therefore, if the State stands in the way of the defendant's

right to present witnesses, then his rights have been trampled.

In *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), the trial judge told a witness that if he took the stand and lied he would see to it that the witness was prosecuted for perjury. On the grounds that the judge's statements caused the witness not to testify for the defendant, therefore depriving the defendant of his right to present witnesses, the United States Supreme Court reversed the trial judge.

In *United States v. Thomas,* 488 F.2d 334 (6th Cir. 1973), the potential witness was approached during a recess in the trial by a secret service agent involved in the case who told the witness he would be prosecuted for misprision of a felony if he testified. Thereafter, the trial court reprimanded both the secret service agent and the United States Attorney. After reprimand the government told the court that the witness would not be prosecuted if he testified, although immunity was not granted to the witness. The witness said he would testify only under subpoena, and a subpoena was not requested. Saying that the court's approach was unnecessary, the court said that even if it accepted the government's assertion of good faith, there were no valid purposes for the secret service agent's approach and that it was difficult not to regard the actions as an attempt to intimidate the witness. The Sixth Circuit said that the government's misconduct directly produced an opportunity for the jury to draw prejudicial inferences from the fact that the witness did not testify. In the instant case, those possible prejudicial inferences are, intensified by the State's closing argument in which the District Attorney strongly argued that the jury could and should draw inferences about the defendant's guilt from the fact that Ms. McClendon had not testified on his behalf.

Finally, in *United States v. Morrison,* 535 F.2d 223 (3rd Cir. 1976), the Assistant United States Attorney sent the witness messages through defense counsel that her testimony would be used as evidence against her and further warned of the possibility of federal perjury charges being filed against her if she testified. According to the Third Circuit, the good faith of the United States Attorney was not relevant in an inquiry into whether the defendant was denied his constitutional right to present witnesses in his defense. We agree. In the instant case, the Assistant District Attorney has filed an affidavit stating, among other things, that based on the officer's written report he in good faith thought that Ms. McClendon's statements in favor of the defendant would have been impeachable and would have supported perjury charges. Looking at all the evidence, including the transcript of the preliminary hearing of Ms. McClendon's perjury charge, we think the Assistant District Attorney's statements to the defense counsel led to the decision not to have Ms. McClendon testify in the defendant's case and therefore denied him his constitutional right to present witnesses.

For that reason, this case is *REVERSED* and *REMANDED* to the District Court for a new trial.

BUSSEY, P. J., and CORNISH, J., concur.