**Charles B. BARR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–324.**

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1979.

Richard Hovis, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Brent Haynie, Legal Intern, for appellee.

OPINION

CORNISH, Presiding Judge:

Charles B. Barr appeals from a jury conviction for Attempted Shooting With Intent to Kill, After Former Conviction of a Felony, in the District Court, Tulsa County, Case No. CRF–77–2511. The appellant was sentenced to forty (40) years in the State penitentiary.

On the night of September 19, 1977, Ruth Moncrief, a 63-year-old woman who had previously been in a mental institution, was working in the kitchen in the nude when an assailant entered her partially opened apartment door. The record reflects she was frequently seen in the area of her apartment complex completely nude or clothed but exposing herself. The man threatened her and a struggle ensued from which she was able to free herself and get out the front door. The assailant then dragged her back inside and into the bedroom, and told her he would use his pistol if

she did not cooperate. She testified the weapon was pointed at her head, that she heard two clicks and was hit on the side of her head with the pistol. The victim's temporary escape was corroborated by a neighbor who also observed the assailant drag Ms. Moncrief back into the apartment and heard her screams. The neighbor called the police and later identified the appellant after he was taken into custody.

Two police officers arrived on the scene and were approached by a man walking in the hallway of the apartment. After a brief struggle, a .22 caliber revolver with four bullets (two of which had apparently been hit by the hammer of the gun but had failed to fire) was found in the appellant's pocket. At approximately the same time, Ms. Moncrief came out of her bedroom and upon seeing the appellant in custody yelled, "Hallelujah. You got him. He just raped me."

■ We first consider whether the trial court erred by not allowing the appellant to rebut the rape allegations. At the close of the trial after both sides had presented their case, the appellant attempted to call the prosecutor as a witness to testify that the medical aspect of the rape report was in fact negative concerning the presence of semen or phosphates. The State admitted it was in receipt of a medical report which indicated that the medical examination was negative, but objected to its admissibility as irrelevant to the issues before the court.

After this discussion held out of the hearing of the jury, the trial judge sustained the motion, denied the offer of proof allowing an exception to the appellant, and noted there was a pending charge of rape against the appellant. The judge stated that the medical report would not be conclusive as to whether Ms. Moncrief had been raped and would require other supporting evidence. Practically speaking, it would have been necessary to recall as witnesses the victim, Ms. Moncrief, and perhaps the appellant to testify as to the details of the occurrence and whether there was penetration.

The State argues that the defense never took advantage of any opportunities during

the trial to rebut the testimony in question. Defense counsel could have inquired of Ms. Moncrief upon cross-examination, as to whether the appellant had in fact raped her. He could also have attempted to establish the nonexistence of a rape on his direct examination of the appellant. Instead, he waited to interject rebuttal evidence at the close of the trial.

In the case of *Clark v. State,* Okl.Cr., 585 P.2d 367 (1978), this Court quoted *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), as follows:

" 'Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense.' Therefore, if the State stands in the way of the defendant's right to present witnesses, then his rights have been trampled."

Similarly, in denying the appellant herein his right to present medical evidence to rebut the inference of another crime by the prosecution, the appellant's rights were in fact violated. We, therefore, hold the trial court committed reversible error by not allowing the appellant to rebut any inferences of rape.

■ The appellant next refers to allegedly prejudicial inferences of guilt when the prosecutor compared this case to the appellant's prior conviction. The prosecutor, during the cross-examination of the appellant, asked:

"Q. Sir, you are charged with Attempted Shooting with Intent to Kill and that's right; isn't it?

"A. That's right.

"Q. And isn't that amazing it draws a similarity to the conviction that you had in Oklahoma County for Assault and Battery with Intent to Kill?

"A. It has similarities; but it wasn't no weapon involved.

"Q. Certainly does have similarities; Mr. Barr."

In *Little v. State,* 79 Okl.Cr. 285, 154 P.2d 772 (1945), we held that a prosecutor can ask a defendant about the existence of prior

convictions, but cannot go into detail concerning those convictions. We have repeatedly reaffirmed that rule. See, for example, *Barham v. State,* Okl.Cr., 514 P.2d 417 (1973). Here, the appellant's objection to the prosecutor's comments was sustained and the judge further admonished the jury to disregard the same.

While this error alone was not so substantial as to require reversal or modification, we find, when coupled with the trial court's failure to allow the appellant to present evidence to rebut the inference of another crime, that the judgment and sentence should be *REVERSED* and *REMANDED* to the District Court for further proceedings. This being dispositive of the cause, we do not find it necessary to address the remaining grounds urged for reversal, and we so limit the scope of this opinion.

BRETT, J., concurs.

BUSSEY, J., dissents.