**Yvonne MILLS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-83-316.**

Court of Criminal Appeals of Oklahoma.

May 21, 1985.

On Rehearing Dec. 30, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Yvonne Mills, was convicted in the District Court of Tulsa County, Case No. CRF-79-3003, of Carrying a Firearm After Former Conviction of a Felony, was sentenced to a term of eight (8) years in prison, and she appeals.

On October 18, 1979, the appellant was stopped for speeding by Tulsa Police Officers Gordon Meisinger and Mike Jarret. The appellant recognized Officer Meisinger from a previous arrest, which ultimately

resulted in the filing of a complaint by the appellant against the officer. The appellant then refused to cooperate with the officers, and requested that a field supervisor be present before she got out of the car.

A third officer, John Storms, arrived at the scene. When he attempted to gain entry into the automobile, he saw the appellant reach between the split bench seat with her right hand. The officer reached for his revolver and told the appellant to stop; at this time, the appellant unlocked the car door and surrendered. After the appellant was handcuffed, she said "I should have gone ahead and shot you."

The automobile driven by the appellant was impounded and towed to the police garage. There, a search of the vehicle revealed a loaded .38 revolver hidden in the front seat. The revolver was admitted into evidence over the objections of defense counsel.

The defense called Johney May Norman as its sole witness. Defense counsel informed the trial court, out of the jury's hearing, that he expected the witness to testify that she was the owner of both the automobile and the pistol, and that the appellant did not know that this pistol was in the car. The prosecutor then informed the trial court that he had been informed that the pistol was stolen, and that he intended to charge Ms. Norman with knowingly concealing stolen property if she so testified.

At this point, the court called recess and appointed counsel to represent Ms. Norman. After conferring with counsel, Ms. Norman was again called to the stand. When asked if she was the pistol's owner, Ms. Norman refused to answer, invoking her constitutional rights against self-incrimination.

Defense counsel then moved that the witness be granted immunity from prosecution pursuant to 21 O.S.1981, § 1367. Said motion was denied by the trial court. Ms. Norman then left the stand, and the defense rested.

## I

In her first assignment of error, the appellant asserts that the trial court committed reversible error by admitting the pistol into evidence. Specifically, the appellant contends that the purported inventory search conducted by the police was nothing more than mere subterfuge designed to seek out suspected evidence.

In the instant case, the officers testified that their search of the vehicle yielded only the revolver and a baby seat, and that the inventory sheet reflected those items. Relying on *Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980), counsel for the appellant contends that the inventory was a sham because a spare tire and a tire jack were not inventoried. We note, however, that unlike the proceedings in *Bowen*, the record reflects that nothing was presented to the trial court showing that the vehicle contained any item other than those discovered by the officers. Instead, both at trial and here on appeal, counsel merely alleges that a tire and a jack might have been in the car and were not inventoried.

The evidence of the State showed that the inventory search was conducted pursuant to proper, standard procedures. We therefore find that the State met its burden to prove that the warrantless search of the vehicle fell within a recognized exception to the warrant requirement. *Kelly v. State*, 607 P.2d 706 (Okl.Cr.1980). A mere allegation that other items were not inventoried, unsupported by even a scintilla of evidence that said items exist, is insufficient to show that the inventory search was a sham. This assignment of error is therefore without merit.

## II

In her second assignment of error, the appellant argues that she was denied her right to compel witnesses on her behalf by the trial court's refusal to grant immunity to defense witness Johney May Norman. In support of her argument, the appellant relies upon 21 O.S.1981, § 1367, which provides as follows:

§ 1367. Privilege of Witness

No person shall be excused from giving evidence upon any investigation or prosecution for any of the offenses specified in this article, upon the grounds that such testimony or evidence might tend to convict him of a crime. But such answer or evidence shall not be received against him upon any criminal proceeding or prosecution, except in a prosecution against him for perjury committed in giving such testimony.

We find the appellant's argument to be patently frivolous. She cites no relevant authority to establish why this statute should not be interpreted consistent with and ancillary to the immunity provision contained in Art. II, § 27 of the Oklahoma Constitution, which extends the privilege only to witnesses testifying for the State. See, *Cortez v. State*, 415 P.2d 196 (Okl.Cr. 1966), and cases cited therein. Consequently, as Ms. Norman was called as a defense witness, the trial court was without power to grant her immunity. Moreover, in 1971, art. 2, § 27, was amended by a vote of the people. See: State Question No. 482, Legislative Referendum No. 188, adopted at election held December 7, 1971. This same measure repealed all existing laws in conflict with art. 2, § 27, as amended. *Id.* Appellant's case falls under the general rule announced in *Bryant v. State*, 434 P.2d 498 (Okl.Cr.1967). Further, even if section 1367 was viable, it would have no application to appellant's case. Section 1367 was limited, by its own terms, to prosecutions for those offenses listed in what is now ch. 55 of Title 21. Appellant was prosecuted under 21 O.S.Supp.1978, § 1283, an offense found in ch. 53 of Title 21. This assignment of error is without merit.

### III

In her third assignment of error, the appellant complains that her right to confront Officer Meisinger on possible bias he might have harbored against her was improperly denied by the trial court.

The rule in Oklahoma is that evidence tending to show bias or prejudice on the part of a witness is admissible for the jury's consideration in determining the weight and credibility to be given the testimony of that witness. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). This inquiry may extend into collateral matters, but such an inquiry may be limited by the trial court in the sound exercise of its discretion. *Wofford v. State*, 581 P.2d 905 (Okl.Cr. 1978).

In the instant case, the trial court limited the appellant's examination of Officer Meisinger only during recross-examination, when the appellant attempted to inquire into the officer's knowledge of the plea negotiations between the Tulsa City Attorney and the appellant over her previous arrest. We find that this limitation was a proper exercise of the trial court's discretion because Officer Meisinger had already been thoroughly examined as to any possible bias he felt toward the appellant. This assignment of error is without merit.

### IV

The appellant contends next that comments made by the prosecutor during closing arguments denied her a fair trial. We note, however, that none of the comments now complained of drew either an objection or a request that the jury be admonished to disregard said comments. This failure to preserve the alleged error limits our review to a search for fundamental error. *Boomershine v. State*, 634 P.2d 1318 (Okl.Cr. 1981). As our review of the prosecutor's comments reveals no error warranting either reversal or modification of sentence, we find this assignment of error to be without merit.

Finally, the appellant asserts that the accumulation of errors below necessitates reversal. We have consistently held that if previous errors are without merit, the propositions when considered collectively are likewise without merit. *Black v. State*, 664 P.2d 1054 (Okl.Cr.1983).

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.

## OPINION ON REHEARING

PARKS, Presiding Judge:

On June 10, 1985, the appellant herein filed a petition for rehearing in the above-styled and numbered cause. Upon reconsideration of our opinion issued on May 21, 1985, in which the appellant's conviction was affirmed, we find it necessary to REVERSE and REMAND this case for a new trial.

In her petition for rehearing, appellant states that "the decision of the Court is in direct conflict with a controlling decision to which the attention of the Court was not called in the brief." Rule 3.14 of the Rules of the Court of Criminal Appeals, 22 O.S. 1981, ch. 18, App., allows an appellant to petition for rehearing if the "decision [rendered in the case] is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument." The matter alleged in the petition for rehearing was not raised in the brief, and oral argument was not held in this case. Therefore, Rule 3.14 affords appellant an opportunity to raise this allegation.

Appellant contends that our decision in this case is contrary to our earlier decision in *Clark v. State*, 585 P.2d 367 (Okl.Cr. 1978), in which we held that if a prosecutor threatens a defense witness with future charges by virtue of the witness' testimony, and the witness then refuses to testify, the defendant has been deprived of his right to present witnesses, and reversal of the conviction is required. *Id.* at 369. In this case, as set out in our opinion, the defense attempted to call a single witness, who, according to defendant's offer of proof, would have testified that both the gun and car in question belonged to the witness, and that the appellant did not know the pistol was in the car. The prosecutor then announced his intention to prosecute the witness for knowingly concealing stolen property, in as much as he had been informed by authorities that the pistol was stolen. The witness then refused to answer any questions regarding her ownership of the pistol. It is apparent to this Court that the procedure in this case violated our previous holding in *Clark v. State, supra*. Accordingly, the judgment and sentence of the District Court should be reversed.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED for a new trial.

BRETT, J., concurs.

BUSSEY, J., dissents.